## JOHN S. HARRIS v. H. M. COOMBS.

**Partnership—Presumption As to Ownership.**

Where a deed to one vests him with legal title, he is presumptively the owner of the land, and although paid for out of partnership funds, a trust did not result in favor of the other partner.

**Partnership—Evidence—Statements and Admissions.**

Where a partner purchased land with partnership funds and took title in his own name, and openly asserted claim thereto, and the other partner openly acquiesced therein, the recollection of witnesses as to statements or admissions made by him concerning the land having been purchased and held for the partnership cannot be allowed to prevail.

### APPEAL FROM BREATHITT CIRCUIT COURT.

June 19, 1873.

OPINION BY JUDGE LINDSAY:

The conveyance from John Hargis to the appellant, John S. Hargis, for the three and three-fourths acres of land in controversy was executed on the 26th of March, 1855, and recorded in the clerk's office of the county in which the land is situated, and in which

Bohannon & Hargis were doing business, on the 6th day of April, 1855.

It may be possible, and it is likely that the land was paid for out of the partnership funds, but it is not proved that appellant took the deed in his own name without the consent of Bohannon nor in violation of any trust. Consequently, as the deed invested him with the legal title, he is presumptively the owner of the land, and under our statutes a trust did not result in favor of Bohannon, even though funds in which he held an interest were used by appellant in paying for it. Secs. 20 and 22, Chapter 80, Revised Statutes.

The facts that appellant put the deed to record at once, and that Bohannon permitted him to hold the title for many years without question so far as appears in this case, rebuts all idea to show that Bohannon as long as he remained in Kentucky recognized appellant as the sole owner of the land.

Armed as appellant is with the muniments of title, and the presumptions arising from his openly asserted claim, and the apparent acquiescence of Bohannon, through whom this appellee claims, the recollection of witnesses as to statements or admissions made by him as to the land having been purchased and held for the partnership, ought not to have been allowed to prevail. Appellee's petition as to the tract in question should have been dismissed. Judgment reversed and cause remanded for proceedings conformable to this opinion.

*James, for appellant.*

*———, for appellee.*